IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERCIRILO MURILLO RUIZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CRIMINAL NO. 17-0017-WS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Ercirilo Murillo Ruiz's *pro se* filing styled "Emergency Motion Asking for Compassionate Release (Reduction in Sentence – RIS) Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (doc. 182).

Ruiz is presently serving a 60-month term of imprisonment predicated on his conviction in this District Court of one count of conspiracy to distribute cocaine onboard a vessel, in violation of 46 U.S.C. § 70506(b) and 21 U.S.C. § 960(b)(2)(B).  Bureau of Prisons records reflect that Ruiz is housed at McRae Correctional Institution, a contracted facility operated by a private corporation in McRae Helena, Georgia.  According to BOP data, Ruiz has an expected release date of April 9, 2021.  Because Ruiz is incarcerated in a contracted facility, the BOP website contains no information as to the incidence (if any) of COVID-19 cases at McRae CI.

Ruiz is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  His Motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant such as Ruiz to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  In other words, Ruiz must present his request for compassionate release to prison officials before petitioning this Court for relief.  He makes no

showing that he has met this statutory prerequisite. To be sure, Ruiz cites an "attach 1" for the proposition that "thirty days have passed since petitioner filed a petition for compassionate release with his warden." (Doc 182, PageID.992.) But his Motion lacks any such attachment. As such, the Court has no information is to when, where or how Ruiz purportedly satisfied this statutory prerequisite for his § 3582(c)(1)(A) Motion.

Moreover, compassionate release is available only for inmates who demonstrate that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Ruiz's submission does not satisfy this requirement. At best, the Motion correctly states that extraordinary and compelling reasons may be found to exist for "defendants whose serious underlying health conditions place them at an elevated risk of infection and death from COVID-19 while in custody." (Doc. 182, PageID.995.) However, neither the body of Ruiz's Motion nor any exhibits/attachments demonstrate that he suffers from any such serious health conditions. In the caption of his Motion, Ruiz makes vague references to high blood pressure, type 1 diabetes, cirrhosis of the liver, and low immune system; however, he neither addresses any of these conditions (much less their severity) in his Motion nor furnishes any medical records to show what (if any) diagnoses and treatment he has received in federal custody. At the time of his Presentence Investigation Report in June 2017, the only physical conditions identified by Ruiz were a recent diagnosis of high blood sugar (for which he was taking medication) and what he described as "early stage cirrhosis of the liver." (Doc. 98, ¶ 37.) This fragmentary information is insufficient to allow any conclusion that Ruiz is at heightened risk of contracting a severe COVID-19 infection because of his underlying medical conditions. Even if he had made such a showing of medical reasons why he might be more vulnerable to COVID-19 infection, Ruiz provides the Court with no information suggesting that conditions at McRae CI pose any threat to inmates such as Ruiz for contracting the novel coronavirus.

For these reasons, Ruiz's Motion is **denied** as both procedurally and substantively deficient, without prejudice to his ability to renew his motion upon a proper showing that (i) he has complied with the procedural requirements of § 3582(c)(1)(A); and (ii) extraordinary and compelling reasons favor granting him early release from prison.

DONE and ORDERED this 13th day of October, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE